## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. CR-18-92-D |
| | ) | |
| AMY KITCHELL HAMM, | ) | |
| | ) | |
| *Defendant*. | ) | |

## O R D E R

This matter comes before the Court on Defendant Amy Kitchell Hamm's *pro se* Motion for Early Termination of Supervised Release [Doc. No. 12] filed pursuant to 18 U.S.C. § 3583(e)(1).   The government has filed a response objecting to the motion [Doc. No. 14].

## BACKGROUND

On April 23, 2013, Defendant was indicted in the Northern District of Texas on one count of Conspiracy to Distribute a Schedule II Controlled Substance (Methamphetamine) in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii).[1] Defendant entered a plea of guilty pursuant to a plea agreement on October 3, 2013. On January 27, 2014, Defendant was sentenced to seventy-two (72) months incarceration and five years of supervised release. Defendant's sentence was reduced pursuant to an amendment to the Sentencing Guidelines to seventy (70) months on October 21, 2015.   On February 5, 2018, Defendant started her term of supervised release after spending approximately six months in a halfway

---

[1] Jurisdiction of the term of supervised release was transferred from the Northern District of Texas to the Western District of Oklahoma on April 23, 2018.

house. See Transfer of Jurisdiction [Doc. No. 1].   In early 2019, Defendant filed her first motion to terminate her supervised release, which the Court denied. *See* Order [Doc. No. 10].   To date, Defendant has been on supervised release for approximately twenty-seven months. Defendant's term of supervision expires on February 4, 2023. *Id*.

## STANDARD OF DECISION

"Whether to grant a motion to terminate a term of supervised release under 18 U.S.C. § 3583(e)(1) is a matter of sentencing court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).   In deciding whether to terminate supervised release, the Court must consider the factors in 18 U.S.C. § 3553(a), whether the defendant's conduct warrants the termination, and whether the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1).

According to FED. R. CRIM. P. 32.1(c)(2)(B), a hearing is generally required where modification is requested. A hearing is not necessary if a defendant requests a favorable modification and the attorney for the government does not oppose the requested relief. FED. R. CRIM. P. 32. 1(c)(2)(C).

## DISCUSSION

In this case, the government opposes Defendant's requested modification. Defendant, however, does not request a hearing on the Motion. Furthermore, the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved.   *United States v. Insaulgarat,* 280 F. App'x 367, 368 (5th Cir.2008) (unpublished opinion) (citing *United States v. Nonahal*, 338 F.3d

668, 671 (7th Cir. 2003)); *see also United States v. Thinh Quoc Kieu*, No. CR-02-177-D, 2012 WL 2087387, at *1 (W.D. Okla. June 8, 2012) (DeGiusti, J.).

In its response opposing Defendant's Motion, the government indicates Defendant's probation officer also opposes the request.   Supervised release is part of the punishment for Defendant's offense. *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006). One of its purposes is to "provide rehabilitation and oversight of the offender to deter their return to crime." *Thinh Quoc Kieu*, 2012 WL 2087387, at *1.   That Defendant has complied with the terms of her supervised release to date does not, without more, warrant early termination because compliance with the terms is "what is expected." *Id*.   A defendant's post-incarceration compliant conduct "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *Id*.

Defendant was involved in a large-scale conspiracy to distribute methamphetamine. She played an important part in the conspiracy scheme and was responsible for 1.75 kilograms of methamphetamine.   Defendant has a long history of substance abuse of various substances, including cocaine and methamphetamine. *See* PSR [Doc. No. 7] ¶ 83. Although the government concedes Defendant has not incurred any violations of the terms of her supervised release, the restrictions in place are important to support Defendant's recovery from significant drug abuse. Defendant's probation officer plans to reevaluate her case in February 2021, after she has served three years of supervision.

The Court, once again, commends Defendant for her progress. Nevertheless, Defendant's history of substance abuse, the relatively short time she has been on supervised release, and the totality of the circumstances relied upon by the government, compel   the Court to find that the interest of justice would best be served by Defendant remaining under supervision.

After considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that termination is not warranted at this time. Accordingly, Defendant's request [Doc. No. 12] is **DENIED** without prejudice to resubmission at an appropriate time in the future.

**IT IS SO ORDERED** this 7th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge